UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO, ) | Case No.: 1:13-cv-00413-JLT |
| ) | |
| Petitioner, ) | ORDER REQUIRING PETITIONER TO SUBMIT |
| ) | FIRST AMENDED PETITION |
| v. ) | |
| ) | THIRTY DAY DEADLINE |
| MATTHEW CATE, ) | |
| ) | |
| Respondent. ) | ORDER DIRECTING CLERK OF THE COURT TO |
| ) | SEND PETITIONER A FORM FOR FILING |
| ) | HABEAS CORPUS PETITION PURSUANT TO 28 |
| ) | U.S.C. § 2254 |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed the instant petition on March 20, 2013, challenging Respondent's refusal to award Petitioner a one-year sentence reduction pursuant to Cal. Pen. Code § 2935 and 15 Cal. Code Regs. § 3043(g), which permit a discretionary sentence reduction for exceptional acts preventing injury to inmates, staff, or the public, destruction of property or giving sworn testimony in prosecution of a correctional staff for felony offenses occurring in prison.  (Doc. 1).

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal.

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

1

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State A Cognizable Federal Habeas Claim.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Petitioner does not allege a violation of the U.S. Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, *clearly established Federal law*, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.  Instead, Petitioner raises only a state law claim, i.e., an abuse of discretion regarding the application of state laws and

2

regulations, and, generally, issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Moreover, "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994). Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989). Further, "the availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), quoting, Dugger v. Adams, 489 U.S. 401, 409 (1989). Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas relief).

For the foregoing reason, the instant petition is deficient. Petitioner will be required to file an amended petition containing only claims that allege cognizable violations of federal constitutional law, not merely violations of state law. Petitioner is further advised that broad assertions of federal constitutional rights do not transform state claims into federal ones. Merely placing a "due process" label on an alleged violation does not entitle Petitioner to federal relief. Langford v. Day, 110 F.3d 1386, 1388-89 (1996). Broad, conclusory allegations of unconstitutionality are insufficient to state a cognizable federal habeas claim. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (bald assertions of ineffective assistance of counsel did not entitle the petitioner to an evidentiary hearing); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999), citing Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion).

**ORDER**

Accordingly, it is HEREBY ORDERED that:

3

1. The instant petition for writ of habeas corpus is hereby DISMISSED.  Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT a FIRST AMENDED PETITION that is in compliance with this Order.  The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **March 25, 2013**                             **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE