**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEWART MANAGO,<br><br>       Petitioner,<br><br>    v.<br><br>MATTHEW CATE,<br><br>       Respondent. | Case No.: 1:13-cv-00413-AWI-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE FIRST AMENDED PETITION FOR FAILURE TO STATE A COGNIZABLE FEDERAL HABEAS CLAIM (Doc. 7)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition on March 20, 2013, challenging Respondent's refusal to award Petitioner a one-year sentence reduction pursuant to Cal. Pen. Code § 2935 and 15 Cal. Code Regs. § 3043(g),[1] which permit a discretionary sentence reduction for exceptional acts preventing injury to inmates, staff, or the public, destruction of property or giving sworn testimony in prosecution of a correctional staff for felony offenses occurring in prison. (Doc. 1).

---

[1] Cal. Pen. Code § 2935 provides as follows: "Under the guidelines prescribed by the rules and regulations of the director, the Secretary of the Department of Corrections and Rehabilitation may grant up to 12 additional months of reduction of the sentence to a prisoner who has performed a heroic act in a life-threatening situation, or who has provided exceptional assistance in maintaining the safety and security of a prison."

Title 15, Cal.Code Reg. § 3043(g) provides as follows: "(g) Heroic acts and exception assistance.  Up to 12 months reduction of sentence may be awarded for the following acts: (1) Acts preventing the loss of life or injury to the public, staff, or other inmates. (2) Acts preventing significant loss or destruction of property. (3) Providing sworn testimony in judicial proceedings involving prosecution of a felony offense which occurred within the prison."

1

On March 26, 2013, after concluding that the original petition did not state a claim for federal habeas relief, the Court issued an order requiring Petitioner to file an amended petition containing cognizable federal habeas claims. (Doc. 4). On April 12, 2013, Petitioner filed a first amended petition containing, once again, a claim for a discretionary sentence reduction premised on California state law, but containing no cognizable federal habeas claim. (Doc. 7). For the reasons discussed below, the Court recommends that the first amended petition be dismissed.

## DISCUSSION

A.  Procedural Grounds for Summary Dismissal.

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State A Cognizable Federal Habeas Claim.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a

1  decision that was based on an unreasonable determination of the facts in light of the evidence
2  presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).
3        In the first amended petition, Petitioner does not allege a legitimate violation of the U.S.
4  Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or
5  federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a
6  decision that was contrary to, or involved an unreasonable application of, *clearly established Federal*
7  *law*, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28
8  U.S.C. § 2254. Instead, Petitioner raises only a state law claim, i.e., an abuse of discretion by the
9  California Department of Corrections and Rehabilitation ("CDCR") regarding the application of state
10 laws and regulations. As the Court previously noted in its March 26, 2013 order, issues of state law are
11 not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated
12 many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v.
13 Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993) (O'Connor, J.,
14 concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation,
15 may not be corrected on federal habeas").
16       Although Petitioner has attempted to articulate a federal claim in his amended petition by
17 citing general due process principles, he fails to connect those general due process principles to any
18 specific facts in the amended petition to which those principles might apply. Merely placing a "due
19 process" label on an alleged violation does not entitle Petitioner to federal relief. Langford v. Day, 110
20 F.3d 1386, 1388-89 (1996). Broad, conclusory allegations of unconstitutionality are insufficient to
21 state a cognizable federal habeas claim. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); Greyson v.
22 Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (bald assertions of ineffective assistance of counsel did
23 not entitle the petitioner to an evidentiary hearing); see also Hiivala v. Wood, 195 F.3d 1098, 1106
24 (9th Cir.1999), *citing* Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad
25 constitutional principles, such as due process, equal protection, and the right to a fair trial, are
26 insufficient to establish exhaustion).
27       Here, the state statute and regulation at issue--Cal. Pen. Code § 2935 and 15 Cal. Code Reg. §
28 3043(g)—provide that the CDCR "may" award a twelve month sentence reduction when certain

conditions have been met.  State laws *guaranteeing* an individual of certain rights *may* create a liberty interest protected against arbitrary deprivation by the due process clause of the fourteenth amendment. Hicks v. Oklahoma, 447 U.S. 343, 346, 100 S.Ct. 2227 (1980).  However, the provisions cited above appear to be entirely *discretionary* with the CDCR and do not appear to involve any guarantee by the State of California or the CDCR that, if abrogated, would create a liberty interest and invoke federal due process considerations.

Thus, the claim involves only a question of state law, a question that has been addressed and resolved contrary to Petitioner by every level of the California judicial system.  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).  "[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989). Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), *cert. denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas relief). Nor does it appear, given the nature of Petitioner's habeas claim, that he could amend his claim in such a way as to invoke federal due process principles.  Thus, he cannot state a claim for which habeas relief could be granted.

## **RECOMMENDATION**

For the foregoing reasons, the Court hereby RECOMMENDS the first amended petition for writ of habeas corpus (Doc. 7), be DISMISSED for failure to state a cognizable federal habeas claim.

IT IS SO ORDERED.

Dated:   **April 22, 2013**              **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE

4